UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| SUSAN KANE, as next friend of VERA KLEIN, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| WASHINGTON NATIONAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

Case No.: 9:10-cv-81118

## NOTICE OF REMOVAL

**COMES NOW** Defendant Washington National Insurance Company ("Washington National" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1332 and § 1441, hereby gives notice of the removal of this action to the United States District Court for the Southern District of Florida, Palm Beach Division. As grounds for this removal, Defendant states as follows:

1. On or about August 5, 2010, Plaintiff Susan Kane, as next friend of Vera Klein ("Kane" or "Plaintiff"), commenced a civil action against Washington National in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No. 10-CA020238. Plaintiff's Complaint was served on Washington National on or about August 19, 2010.

2. The Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida is a state court within this judicial district and division.

3. A copy of "all process, pleadings, and other orders served upon [] defendant" is attached hereto as composite **Exhibit A**. 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served to date other than those contained in **Exhibit A**.

4. This notice of removal is timely because it is filed within thirty (30) days of the date upon which Plaintiff filed her Complaint and because this removal was filed less than one (1) year after commencement of the action. *See* 28 U.S.C. § 1446(b),

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## I. DIVERSITY JURISDICTION

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending. For purposes of removal

> under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b)   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

7. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (1)   citizens of different States . . . .

8. There is complete diversity of citizenship between Plaintiff and Defendant.

9. There is one named Plaintiff in this action.  Upon information and belief, Plaintiff is a citizen of the state of Florida.  (Complaint, ¶ 3, Exh. A hereto).

10. Washington National is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Indiana.  Washington National is not a citizen of the State of Florida.  (*Id.* at ¶ 4).

## II.  AMOUNT IN CONTROVERSY

11. The amount in controversy in this action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiff's failure to specify damages in her Complaint.  In the Eleventh Circuit, where the plaintiff makes an unspecified demand for damages in state court, the removing defendant need only show by a preponderance of the evidence that the amount in

controversy exceeds $75,000.  *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000).

12.     Plaintiff has asserted two causes of action for breach of contract and for declaratory relief pursuant to Florida Statute §§ 86.011 and 86.031.  Plaintiff's claims arise from a home health insurance policy issued to Vera Klein ("Klein"), for whom Plaintiff has filed this action as Klein's next of friend.  Plaintiff alleges that "[s]ince March 19, 2008, as Vera Klein's health deteriorated Defendant has steadily and without cause decreased Vera Klein's benefits." (Complaint, ¶ 15, Exh. A hereto).  Plaintiff alleges that Klein "has suffered money damages" as a result of Defendant's alleged breach of the subject insurance policy, and Plaintiff seeks "a declaration of [Klien's] rights" concerning coverage under the policy.  (*Id.* at ¶¶ 29, 38). Specifically, Plaintiff alleges that she is "in doubt" "as to the scope and coverage for 'Home Health Care'" under the subject policy.  (*Id.* at ¶ 40).

13.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Macy's Florida Stores, LLC v. Illinois Nat'l Ins. Co.*, 2008 WL 2741132, at *2 (S.D. Fla. July 11, 2008) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1997)).

14.     The subject policy, which is attached as Exhibit A to Plaintiff's Complaint, provides for a Daily Maximum Benefit of $100.00 with no maximum benefit period or amount. (Policy, p. 3, Exh. A to Complaint).  Accordingly, Klein is potentially entitled to benefits in the amount of $36,500.00 per year.

15.     Klein is 91 years of age.  (Complaint, ¶ 10).  Based on recognized actuarial tables, Klein's life expectancy is slightly in excess of 4 more years.  Therefore, Defendant's potential

exposure is more than $146,000.00, in addition to potential exposure relating to Plaintiff's allegation that claims have been continually "underpaid" since March 19, 2008. (*Id.* at ¶ 15).

16. Additionally, Plaintiff requests a reasonable attorney's fee, which she claims she is entitled to under the Policy or "pursuant to Florida Statutes or Florida law." (Complaint, ¶¶ 31, 42).

17. Florida Statute Section 627.428 provides the following:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had…
>
> (3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

FLA. STAT. § 627.428.

18. Defendant is allowed to include reasonable attorney's fees in its calculation of the amount in controversy when removing a case from state to federal court. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

19. Therefore, the amount in controversy requirement is satisfied because Plaintiff's allegations, if true, would entitle her to more than $75,000.00.

### III. OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

20. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

21. A copy of this notice is being filed with the Clerk of the Circuit Court for the Fifteenth Judicial District in and for Palm Beach County, Florida, as provided under 28 U.S.C. § 1446. Defendants are also giving prompt written notice to the Plaintiff of the filing of this Notice of Removal.

**WHEREFORE**, Washington National requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the Fifteenth Judicial District in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, Palm Beach Division.

s/ Ann T. Taylor
D. Brian O'Dell (Florida Bar #0659665)
Ann T. Taylor (Florida Bar #0037228)

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: 205-521-8000
Facsimile: 205-521-8800

ATTORNEYS FOR DEFENDANT WASHINGTON NATIONAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 20th day of September, 2010:

David W. Brill
Brill Rinaldi Garcia
17150 Royal Palm Blvd., Suite 2
Weston, Florida  33326


                                        s/Ann T. Taylor
                                        OF COUNSEL